THE STATE *ex rel.* WALKER v. WALKER, *State Auditor.*

1. **Agency**: REVOCATION OF. A principal can in general at his pleasure revoke the authority of his agent.

2. ——— : ———. When the state employs one as its agent, it has the same power of revocation that is possessed by an individual.

3. **State Claim Agent**: REPEAL OF ACT OF MARCH 19, 1881. The appointment of one under the act of the General Assembly of March 19, 1881 (Laws, p. 163), as agent of the state to collect certain claims against the United States, was revoked by a repeal of said act.

4. ——— : ———. The fact that such agent was to be compensated for his services out of the amount collected, did not confer upon him such an interest in the subject matter of the agency as to render the latter irrevocable.

88 279
42a 243
88 279
103 78
88 279
50a 313
88 279
120 376
88 279
138 531
88 279
90a 59

*Mandamus.*

PEREMPTORY WRIT DENIED.

*Draffen & Williams* and *Smith & Krauthoff* for relator.

(1) It was not the intention of the legislature to interfere with relator's contract by the repealing act of March 28, 1885. This is shown by the passage of the act of the same date as the above (Laws of 1885, p. 203), which expressly recognizes relator's contract as binding and obligatory, and directed that certain vouchers be turned over to him for collection under said contract. (2) The intent to give a retrospective operation to a law must be clearly expressed in order that it may receive such a construction. *State ex rel., etc., v. Greer,* 78 Mo. 188; *State v. Grant,* 79 Mo. 117. (3) The legislature did not have the power to abrogate or impair relator's contract. A state can no more enact laws to impair the obligation of a contract between the state and an individual than it can to impair contracts between individuals. *State v. Hawthorne,* 9 Mo. 389; *Fletcher v. Peck,* 6 Cranch, 133; *State v. Morrow,* 26 Mo. 131; *State v. Miller,* 50 Mo. 129; *State ex rel. v. Greer,* 78 Mo. 188; *Hall v. State,* 13 Otto, 5; Cooley's Const. Lim., 273; *People v. Auditor,* 9 Mich. 326; *Davis v. Gray,* 16 Wall. 203; *Primm v. Carondelet,* 23 Mo. 22; *Bruce v. Schuyler,* 4 Gilm. (Ill.) 221, p. 278. (4) The act of 1885, providing for the payment of certain claims and directing that when paid the vouchers shall be turned over to the state's agent for collection, is not in conflict with the state constitution, article 4, section 5.

*B. G. Boone,* Attorney-General, *A. M. Hough* and *R. F. Walker* for respondent.

(1) The power of a legislature to repeal any law

passed by a preceding one is unquestioned. Cooley's Const. Lim., 152 ; 19 Mich. 259 ; 13 Wall. 373. (2) Offices created by the general assembly may be abolished by the latter. *Wilcox v. Rodman*, 46 Mo. 323 ; *Hancock v. Ewing*, 55 Mo. 101 ; *Benford v. Gibson*, 15 Ala. 521 ; *State v. Douglas*, 26 Wis. 428. (3) Mandamus is not an appropriate remedy to enforce contract rights. (4) A principal has the right to revoke the authority conferred on his agent. Story on Agency, sec. 403. (5) A person accepting office, an agency, or employment in pursuance of an act of the general assembly, does so with notice of the fact that the same may be terminated at the will of the legislature. *State v. Davis*, 44 Mo. 129 ; *State v. Douglas*, 26 Wis. 428. (6) Section seven of the act of March 28, 1885, is unconstitutional because in conflict with section 52, article 4, of the constitution of the state.

BLACK, J.—For the purpose of pleading, the petition, by consent, is treated as an alternative writ of mandamus, and the respondent has filed a return thereto. The act of March 19, 1881 (Acts of 1881, p. 163), gave the fund commissioners authority to employ an agent to prosecute to final settlement before congress and the departments, the claims of the state against the United States (1) for reimbursement of moneys due the state on account of expenditures and liability incurred in equipping, etc., the militia in the late war ; (2) all other claims audited by the commission created by the act of March 19, 1874, and (3) claims of five per cent. of proceeds of sales of certain lands. The third section of the act directs designated state officers, on the order of the governor, to deliver to the agent accounts, pay rolls, vouchers, etc., and gives general directions as to what disposition the agent shall make of these documents. On the twenty-eighth of November, 1884, the fund commissioners entered into a contract with the relator by

which he was appointed the agent of the state for the purpose stated in the act. He gave bond, conditioned that he would faithfully prosecute the claims to final settlement, if practicable, and that he would faithfully demean himself in the business intrusted to him. By the terms of the contract he is required to prosecute the claims at his own expense. As compensation, he is allowed five per cent. on the amount collected on certain classes of the claims, and on the others he is to receive fifteen per centum of the amount collected. By the terms of the act he is to receive his commission from the officers of the United States, and they are required to pay the residue directly to the state officers. The relator entered upon the discharge of his duties and has continued to discharge the same ever since, and has incurred large expenses and expended much time in and about the collection of the claims, and it is conceded he has faithfully demeaned himself in the business intrusted to him.

The general assembly, by the act of March 28, 1885 (Acts of 1885, p. 205), repealed the entire act of 1881 without any saving clause. The relator has demanded of the state auditor a certain voucher which the latter declines to turn over to him because of the repealing act of 1885. The claim, or voucher, in question, is one allowed by the adjutant-general since the passage of the repealing act. The question, therefore, is: did the repealing act divest the relator of his right to have and collect this voucher? His position is that the act impaired the obligation of his contract, and is, therefore, void. Contracts made between the state and an individual are as binding upon the state as if the state was an individual. It cannot impair the obligation of its own contract. As was said in *State v. Hawthorne*, 9 Mo. 390, the legislature can no more violate a contract made by themselves, or under their authority, than they can rescind or alter, or impair the obligation of one made

between private individuals. This principle of law is well established. *State ex rel. Attorney-General v. Miller et al.*, 66 Mo. 329 ; *State ex rel. v. Barker*, 4 Kas. 379 ; *Davis v. Gray*, 16 Wall. 203, 232. Or, as was said in *Hall v. Wisconsin*, 103 U. S. 5, when a state descends from the plane of its sovereignty, and contracts with private persons, it is regarded, *pro hac vice*, as a private person itself, and is bound accordingly. As that case is much relied upon, it may be well enough to say that the governor of that state, by authority of law, employed Hall, with others, to make a geological survey of the state. By another act, Hall was made principal of the commission. His contract continued to a fixed period, and he was to receive a specified compensation and his expenses, and the expenses of his department. Before the contract expired, the legislature repealed the laws by virtue of which he was employed. He continued his work until the expiration of his contract period. In the suit, which was to recover for his services from the repeal of the laws to the expiration of his contract, it was ruled that he was not a public officer, and that he was entitled to recover notwithstanding the repeal of the laws. But do these principles of law control this case? By recurring to the act of 1881 and the contract, it will be seen that the fund commissioners were authorized to appoint an agent. Relator was thus appointed as the agent of the state for the designated purposes. His duties are, in a measure, defined by the act. His acts are to be done for and in the name of the state, and not in his own name. In short, he is, by the scope and purport of the act, made the agent of the state, to transact for it certain business. In general, the principal has a right to determine or revoke the authority given to his agent at his own pleasure, for since the authority is conferred by his mere will, and is to be executed for his own benefit and his own purposes, the agent cannot insist upon acting when the principal has

withdrawn his confidence, and no longer desires his aid. Story on Agency (9 Ed.) sec. 463. There are exceptions to the rule, as where the power is given as a part of a security, or for a valuable consideration, but these exceptions can have no application to this case. Another exception is where the power or authority is coupled with an interest. Story on Agency, sec. 477; Whart. on Agency, sec. 95.

But the interest in such cases is an interest in the subject on which the power is to be exercised. An interest in that which is produced by the exercise of the power is not sufficient. The power must be engrafted on an interest in the property on which the power is to be exercised, and not an interest in the money derived from the exercise of the power. *Hunt v. Rausmanier's Adm'r*, 8 Wheat. 174; *Barr v. Schroeder*, 32 Cal. 609; *Coffin v. Landis*, 46 Pa. 3t. 431; *Blackstone v. Buttermore*, 53 Pa. St. 266. A power to collect money and receive property, and to sell and convey the property of the principal, the agent to have one-half of the net proceeds as compensation, is not a power coupled with an interest, and is revocable. *Hartley's Appeal*, 53 Pa. St. 212. It may be that a right has arisen in favor of the relator to be indemnified for his expenses and the like. *United States v. Jarvis*, Daveis's R. 274; *Walker v. Denison*, 86 Ill. 142. But such matters cannot be settled in this contest, even if the state could be sued. The contract in *Hall v. State of Wisconsin*, *supra*, was essentially one of ordinary employment. Here it is one of agency, pure and simple. If, as between individuals, the agency may be revoked, no reason is seen why the state may not do the same thing under like circumstances. No period of duration of the agency in question is fixed either by the statute or contract, and it cannot be that the state has lost its power to recall its agent by reason of anything in the statute or contract We conclude the state had the right to revoke this

agency, and that it did do so by the repealing act, which was passed with an emergency clause. There is nothing in the other act, passed on the same day, that militates against this conclusion.

The demurrer is sustained, and final judgment will be entered thereon. All concur.