GREEN *et al.*, *Appellants*, v. COLE.

DIVISION ONE.

1. **Contract**: MUTUAL ASSENT. The minds of the parties to constitute a contract must assent to the same thing in the same sense.

2. ———— : ————. There must be a mutual assent to all of the propositions of the parties ; for so long as any matter forming an element of the contract is left open, the contract is not complete.

3. ———— : REDUCTION TO WRITING : CONDITION PRECEDENT. Where the parties make the reduction of the contract to writing and its signature by them a condition precedent to its completion, it will not be a contract until that is done and this is true although all the terms of the contract have been agreed upon.

4. ———— : ———— : PRESENT CONTRACT. Where, however, the parties have assented to all of the terms of the contract, the mere reference to a future contract in writing will not negative the existence of a present contract.

5. ———— : ———— : ————. Where it appears that the parties intend the oral contract shall be binding on them, effect will be given to that intention, although it was understood a formal written contract was to be executed.

6. **Agency**: POWER COUPLED WITH AN INTEREST. A power coupled with an interest is an interest in the subject on which the power is to be executed and not an interest in that which is produced by an exercise of the power.

7. ———— : ORAL AGENCY AS TO LAND. An oral agency with reference to the platting and selling of land is revocable.

8. ———— : ———— : REVOCATION : COMPENSATION FOR SERVICES. Where, however, such agent performs services under the agency before it is revoked, he may recover compensation therefor.

*Appeal from Jackson Circuit Court.*—HON. J. H. SLOVER, Judge.

REVERSED AND REMANDED.

*Gates & Wallace* for appellants.

( 1 )   In an action on a contract like this, not required by law to be in writing, although it should be the understanding and agreement of the parties that the contract is to be reduced to writing, yet if the terms are fully agreed upon between the parties and they both go on and act under the agreement and treat it as a valid existing contract, then it is immaterial whether said contract has been reduced to writing or not, and the fact it has not been so reduced to writing and signed by the parties constitutes no defense to an action on the contract brought by one of the parties against the other. *Riggins v. Railroad,* 73 Mo. 598 ; *Wilson v. Board,* 63 Mo. 137 ; *Methudy v. Ross,* 10 Mo. App. 101, s. c., 81 Mo. 481 ; *Mastin v. Grimes,* 88 Mo. 485 ; *Baldwin v. Ins. Co.,* 56 Mo. 154 ; *Paige v. Woolen Co.,* 27 Vt. 485 ; *Miller v. McManus,* 57 Ill. 126 ; *Blackford v. Kirkpatrick,* 6 Beav. 232 ; *Ungley v. Ungley,* L. R. 5 Ch. Div. 887 ; *Attix v. Phelan,* 5 Iowa, 342 ; *Dobbins v. Edwards,* 18 Mo. App. 316 ; *Cole v. Wiedmair,* 19 Mo. App. 7 ; *Hoskins v. Railroad,* 19 Mo. App. 315 ; *Wright v. McPike,* 70 Mo. 175 ; *Harrison v. Railroad,* 74 Mo. 364.   That the contract does not have to be in writing, see : *Watson v. Brightwell,* 60 Ga. 212 ; *Reyman v. Mosher,* 71 Ind. 596 ; *Sullivan v. Dunham,* 42 Mich. 518 ; *Bunnell v. Taintor,* 4 Conn. 568 ; *Trowbridge v. Wetherbee,* 11 All. ( Mass.) 361 ; *Holmes v. McCray,* 51 Ind. 358 ; *Benjamin v. Zell,* 100 Pa. St. 33.   ( 2 )   If an oral contract provides that one of the parties is to have more than one year in which to perform his part of the same, yet, if it is possible for him to perform his part within a year, then the contract does not fall within the statute of frauds, requiring contracts not to be performed within a year to be in writing.   That is, to render the contract invalid it must appear from the contract itself that it is impossible to perform it within a year.   Wood on Statute of Frauds [ Banks & Bros'. Ed.] secs. 270-274 ; Browne

on Statute of Frauds [3 Ed.] sec. 273 ; Walker v. Johnson, 96 U. S. 424; McPherson v. Cox, 96 U. S. 404; Foster v. McO'Blennes, 18 Mo. 88 ; Suggett's Adm'r v. Garnes' Adm'r, 26 Mo. 221 ; Gantt v. Brown, 48 N. H. 183 ; Blanding v. Sargent, 33 N. H. 245 ; Estey v. Aldrich, 46 N. H. 137 ; Hodges v. Mfg. Co., 9 R. I. 482 ; Green v. Harris, 9 R. I. 401 ; Richardson v. Purie, 7 R. I. 30; Lingett v. McIntire, 15 Me. 201. (3) The contract in the case at bar could not be rescinded by the defendant without his being liable to the plaintiffs in an action for damages. The services rendered by T. J. Green under the contract at defendant's request were a valuable consideration, the contract was partly performed, and by the terms of the contract it was (if necessary) to continue for a certain time, viz.: Plaintiff was to have two years in which to perform his part of it. Story on Agency [9 Ed.] secs. 466, 477, 478 ; Merry v. Linch, 68 Me. 94 ; Bonney v. Smith, 17 Ill. 581 ; Gales v. Leckie, 2 Stark. 107 ; Lewis v. Ins. Co., 61 Mo. 534 ; Wiggins v. Railroad, 73 Mo. 420 ; Pond v. Wyman, 10 Mo. 183 ; Nevins v. Horbert, 25 Mo. 352 ; Park v. Kitchen, 1 Mo. App. 357. That this service was a valuable consideration, see : Halsa v. Halsa, 8 Mo. 303 ; Hudson v. Busby, 48 Mo. 35 ; Garrow v. Davis, 15 How. (U. S.) 272; United States v. Linn, 15 Pet. (U. S.) 290. (4) Even if this is a contract, which is necessary to be in writing and signed by the parties in order to be valid (which we do not for a moment admit), yet the contract can be gathered from the correspondence of the parties, and this is sufficient. Long v. Miller, 4 C. P. Div. L. R. 450 ; Jackson v. Lowe, 1 Bing. 9 ; Laythoarp v. Bryant, 2 Bing. (N. C.) 744 ; Troup v. Troup, 87 Pa. St. 149 ; White v. Motley, 4 Baxt. (Tenn.) 544.

George B. Burnett for respondent.

(1) All that was done in reference to the contract in this case was preliminary, or in view of the possible

execution of a contract. *Eads v. Carondelet*, 42 Mo. 113. ( 2 ) The contract if made was one of agency which the principal could revoke at any time by the selling of the subject-matter of the agency or by dismissing the agent. ( 3 ) The alleged contract was never consummated, for the reason that it was agreed between the parties that it should be in writing, and the writing was never executed. *Eads v. Carondelet, supra.* ( 4 ) The alleged contract ( if made ) was a mere contract of agency, which was revocable at the pleasure of the defendant. Story on Agency, sec. 462, p. 579 ; 1 Parsons on Contracts, 1, p. 69 ; *Coffin v. Landis*, 46 Pa. 420 ; *Brown v. Pfor*, 38 Cal. 550 ; *Gaty v. Foster*, 18 Mo. App. 639 ; *Gilbert v. Holmes*, 64 Ill. 548. A sale by defendant of the property was a revocation of the agency. Story on Agency, secs. 475, 476, p. 587 ; *Bissell v. Terry*, 69 Ill. 184. ( 5 ) The agency was not revocable because coupled with an interest. A power coupled with an interest must create an interest in the thing itself upon which the power is to operate ; the power and the estate must be united or coexistent. *Gilbert v. Holmes*, 64 Ill. 548 ; *Hunt v. Rousemanier*, 8 Wheat. 174.

BLACK, J.—The plaintiffs, Thomas J. and J. J. Green, were real-estate agents at Kansas City in this state, and the defendant resided at Edwardsville in the state of Illinois. He had been trading in real estate at Kansas City and owned some seventeen acres of land at that place. The plaintiffs in their petition allege in substance that in the month of July, 1885, they entered into a contract with the defendant whereby they were to take charge of the said tract of land, have it surveyed and laid off into lots, and to sell the lots ; that out of the proceeds arising from sales the plaintiffs were to be paid the costs of surveying and platting the property, and also the sum of $30,000, with interest on $15,000 at the rate of eight per cent. per annum, and that the balance of the proceeds were to be equally divided

between the plaintiffs and the defendant; and that plaintiffs were to have two years in which to make the sales. On the second of January, 1886, the defendant conveyed the entire tract to other parties for the consideration of $50,000; and this is a suit to recover damages for a breach of the contract alleged to have been made with the plaintiffs.

The plaintiffs, who are the appellants, cite many cases to show that the contract, though resting in parol, is not within the statute concerning frauds and perjuries which provides that no action shall be brought upon any agreement that is not to be performed within one year. As the defendant waives the consideration of this question no more need be said concerning it.

At the close of the plaintiffs' case the court gave two instructions, the first of which is a demurrer to the evidence; and the second is to the effect that, though there was a parol agreement between the parties, still if it was understood between them that the agreement should be reduced to writing and that was not done, then there was in fact no agreement.

The evidence introduced by the plaintiffs tends to show that defendant and the plaintiffs made a parol agreement concerning the surveying, platting and sale of the land as stated in the petition, at the office of the plaintiffs in Kansas City in the month of July, 1885. The evidence of one of the plaintiffs is that after the terms of the agreement had been settled he drew up a contract. This witness then says: "Mr. Cole came in late in the afternoon and read this contract, and then I suggested making another copy and that he would sign it. Mr. Cole said he was in a hurry for the train and could not wait, and that he would write out a copy and send it to me signed; that he did not do; the agreement was complete."

On cross-examination this witness testified:

"Q. Did you make the final agreement in your office? A. Yes, sir.

Green v. Cole.

"*Q.* You both agreed there that whatever contract you made 'should be in writing; the understanding between you was that the contract was to be reduced to writing? *A.* The understanding was that it was in writing, presented to Mr. Cole and accepted by him.

"*Q.* You prepared a written contract and presented that to Mr. Cole, and that embodied your contract as you understand it? *A.* Yes, sir.

"*Q.* He was to look it over, execute and return it to you? *A.* He was to write out a copy of it. He had already accepted it in my office; but would not wait for the copy.

"*Q.* So he took it home? *A.* Yes, sir.

"*Q.* He was to make a copy of it? *A.* Yes, sir.

"*Q.* And was to execute and return it to you? *A.* Yes, sir.

"*Q.* Now, when this written agreement was drawn, you, of course, had agreed between yourselves that the contract must be in writing, hadn't you? *A.* As far as the transaction went.

"*Q.* Didn't you say both of you, previous to drawing up the contract, that whatever contract you made must be in writing? *A.* Not that I know of; I don't remember saying that.

"*Q.* Didn't you say to Judge Cole that you would not enter into a contract unless it was in writing? *A.* That is, probably, my idea; but I don't remember that I did or not."

From the twenty-seventh of July to the eighteenth of September, 1885, considerable correspondence ensued between the parties concerning the name of the addition, surveying and platting of the land. During that time and pursuant to this correspondence the plaintiff had the land surveyed and platted and forwarded plats to the defendant. They also had the weeds removed from the land, the existing roads repaired, and caused the land to be prepared for sowing grass seed. In a letter written by the defendant on the fourteenth of

August he, among other things, said : " " Do you think we can sell any lots this fall ? " . No mention is made in this correspondence about a written contract prior to the fifth of October, 1885.    In a letter from plaintiffs to the defendant of the last-mentioned date, they spoke of an existing agreement for the sale of the land on the terms stated in the petition.    To this letter the defendant made no answer, but went to Kansas City and sold the land himself without consulting plaintiffs for $50,000.    The defendant paid the expenses for making the survey and plat of the addition, but the plat was never recorded.

It is a well-settled principle of law that to constitute a contract the minds of the parties must assent to the same thing in the same sense.    There must be a mutual assent to all of the propositions ; for so long as any matter forming an element of the contract is left open, the contract is not complete.    Though the terms of the contract may all be agreed upon, still if the parties make it a condition to the existence of a contract that the terms agreed upon be reduced to writing and signed by them, there is no contract until this is done. 1 Addison on Contracts [ Morgan's Ed.] p. 37.    On the other hand, it is well-settled law that, where the parties have assented to all the terms of the contract, the mere reference to a future contract in writing does not negative the existence of a present contract.    In other words if the parties make an agreement which they intend shall be binding from the time it is made, effect will be given to it from that time, though they intend it shall be superseded by a more formal written agreement. 2 Whart. on Contracts, sec. 645 ; *Bonnewell v. Jenkins*, L. R. 8 Ch. Div. 70 ; *Ridgway v. Wharton*, 6 H. L. Cas. 238 ; *Blaney v. Hoke*, 14 Ohio St. 292 ; *Montague v. Weil*, 30 La. Ann. 50 ; *Mackey v. Mackey's Adm'r*, 29 Grat. 158 ; *Bell v. Offutt*, 10 Bush, 632.

In the recent case, *Allen v. Chouteau*, 102 Mo. 309, a written proposal concluded with these words : " If

Green v. Cole.

this is agreed to, the agreement can be fully drawn up and signed;" and we held that an acceptance of the proposal would make a binding contract, though no further written agreement was ever drawn up or signed by the parties. We do not regard the case of *Eads v. City of Carondelet*, 42 Mo. 113, as in conflict with what has been said; for that case proceeds upon the ground that all of the terms of the contract had not been settled; for the mayor was authorized to make a contract with "such further conditions as may be deemed necessary."

Enough has been said to show that, where parties have assented to all the terms of a parol agreement, it does not follow from the mere fact that a written contract is to be thereafter prepared and signed, that no binding contract was made. If they intend the parol contract should be binding upon them, then effect will be given to that intention.

If there was nothing more in this case than the evidence of what occurred at the office of the plaintiffs when the defendant took the memorandum of a contract and agreed to sign it, we should not disturb a judgment given on a demurrer to the plaintiffs' evidence; for the very fact that defendant did not then sign it is strong evidence that he had not as yet assented to all of its terms. But from the other evidence it appears the parties went on in the execution of some agreement, and, in the absence of any showing to the contrary, the inference is that it was the agreement testified to by the plaintiff. As the evidence tends to show but one agreement, which was acted upon for several months, the conclusion might well be drawn that the parties intended it should be binding from the time the terms were agreed upon. The demurrer to the evidence should have been refused, and it also follows from what has been said that the second instruction is not correct, for it proceeds upon the notion that there could be no contract so long as the parties intended to, but did not, reduce these completed negotiations to writing.

This is an action at law, and it is not our province to say what the finding should be. What we say is, that the demurrer to the evidence should have been refused, and on the evidence before us the second instruction is incorrect for the reasons before stated.

The defendant insists that the alleged contract was a mere contract of agency, and was revocable at his pleasure. In other words the position of the defendant is, that the authority or power conferred upon the plaintiff was not a power coupled with an interest. It is the interest in the subject on which the power is to be executed, and not an interest in that which is produced by the exercise of the power, that makes a power coupled with an interest. *State ex rel. Walker v. Walker*, 88 Mo. 279, and cases cited. We do not see how it can be said the plaintiffs acquired any interest in the land by their verbal agreement; and it must follow that the agency was revocable. But the plaintiffs performed services under the agreement before the agency was revoked and it does not follow that they are not entitled to recover, because the agency was revoked. It will be time enough to say what the measure of damages is, when the facts of the case are all disclosed and the trial court has ruled upon that subject. The judgment is reversed and the cause remanded. All concur.