EDMUND BURKE, Plaintiff in Error, v. PRIEST & BURKE, Defendants in Error.

Kansas City Court of Appeals, May 30, 1892.

1. **Principal and Agent:** REVOCATION OF AGENCY. As between principal and agent the authority of the latter may be revoked by the former at any time at his will with or without reason therefor except where it is coupled with an interest.

2. ———: INTEREST PREVENTING REVOCATION. In order to prevent a revocation the power must be engrafted on an interest in the property on which the power is to be exercised, and not on interest in the money derived from the exercise of the power.

3. ———: INTEREST: REVOCATION. Where the defendants agreed to turn over their books and accounts to plaintiff, an attorney, for collection and adjustment at a given per cent., there is no such interest in plaintiff as to prevent a revocation, especially as there was no fixed period for the continuance of the contract.

*Appeal from the Moniteau Circuit Court.*—HON. E. L. EDWARDS, Judge.

AFFIRMED.

*Draffen & Williams,* for plaintiff in error.

(1) The court erred in instructing the jury that the plaintiff could not recover. The evidence tended to show that there was a contract made by the defendants with the plaintiff, which the plaintiff was ready and willing to perform, but which the defendants failed and refused to carry out upon their part, and that plaintiff sustained damages in consequence thereof. This entitled plaintiff to a recovery. *Woods v. Ins. Co.,* 50 Mo. 112; *McFarland v. Bellows,* 49 Mo. 311; *Emerson & Childs v. Sturgeon,* 18 Mo. 170. (2) Where there is any evidence tending to sustain plaintiff's case, it is error to take the same from the jury. *Brown v. Kimmel,* 67 Mo. 430. (3) If the plaintiff was prevented from performing his contract by the fault of defendants, then he is entitled to recover as damages the amount which would have been due him upon performance. *McElhinney v. Kline,* 6 Mo. App. 94; *Park v. Kitchen,* 1 Mo. App. 357.

*John E. Hazell* and *Moore & Williams,* for defendants in error.

(1) The demurrer to the plaintiff's evidence was properly sustained. The alleged contract was a *"nudum pactum;"* plaintiff did nothing, and hence sustained no damages. The cases cited by plaintiff are all where there was some substantial evidence to submit to a jury which might sustain a verdict. (2) The cases cited in the third point in plaintiff's brief from 1 and 5 Mo. App. are cases where there were written contracts and also a part performance; neither of which exists in this case. (3) An attorney-at-law is simply an agent of his employer. Story on Agency [7 Ed.] sec. 24; American & English Encyclopedia of Law,

p. 942. (4) "A principal has a right to revoke or determine the authority given to an agent at pleasure." This is a doctrine of common sense and common justice that requires no illustration or reasoning to support it. Story on Agency, sec. 463. The alleged agency in this case is neither irrevocable by its terms, nor is it coupled with an interest. There is no consideration for it and it will be treated as a *nudum pactum*. Story on Agency, [7 Ed.] sec. 476. (5) In this case plaintiff on his own showing had no power coupled with an interest; hence, the failure of defendants to turn over the books and accounts merely amount to a revocation of the agency, and, as he had done nothing, there was nothing done to pay him for. Plaintiff was to work for a commission, and never earned it. *State ex rel. v. Walker*, 88 Mo. 279; s. c., 135 U. S. 339; Story on Agency, sec. 477.

SMITH, P. J.—The principle is rudimentary that as between principal and agent the authority of the latter is revocable at any time if not coupled with an interest. The authority of the agent to represent the principal depends upon the will and license of the principal. It is the act of the principal which creates the authority; it is for his benefit and to subserve his purposes that it is called into being; and, unless the agent has acquired with the authority an interest in the subject-matter, it is in the principal's interest alone that the authority is to be exercised. The agent has no right to insist upon a further execution of the authority if the principal desires it to terminate. It is a general rule that as between principal and agent the authority of the latter may be revoked by the former at his will at any time and with or without reason therefor, except where the agent's authority is coupled with an interest. Mechem on Agency, sec. 204; *State*

*ex rel. v. Walker*, 88 Mo. 279; *Hunt v. Rousmanier*, 8 Wheat. 201.

The exceptions to the general rule just stated is where the power is given as a part of a security or for a valuable consideration, or where the power is coupled with an interest. But the interest in such cases is an interest in the subject-matter on which the power is to be exercised. An interest in that which is produced by the exercise of the power is not sufficient. The power must be engrafted on an interest in the property on which the power is to be exercised, and not an interest in the money derived from the exercise of the power. *Hunt v. Rousmanier, supra; Barr v. Schroeder*, 32 Cal. 609; *Coffin v. Landis*, 46 Pa. St. 431; *Blackstone v. Battermore*, 53 Pa. St. 266. And so it has been held that a power to collect money and receive property and to sell and convey the property of the principal, the agent to receive one-half of the net proceeds as compensation, is not a power coupled with an interest and is revocable. *Hartley's Appeal*, 53 Pa. St. 212.

In this case, the defendants who had lately been copartners, engaged in the practice of medicine, entered into a parol contract with plaintiff who was an attorney, whereby it was agreed that the defendants would turn over to plaintiff their books of account for collection and adjustment, and for which the former would pay the latter as a compensation for his services ten per cent. on all sums collected, and five per cent. on all accounts adjusted by note. The defendants refused to deliver their books of account to plaintiff, and so did not carry out the contract. This, the defendants could do, and on account of which, the plaintiff has no legal ground of complaint.

Of course, where the principal has the power to revoke the authority of the agent, he may, neverthe-

less, subject himself to a claim for damages if he exercise such power contrary to his agreement.

The evidence does not show that the plaintiff's employment was fixed for any period of duration. The written admission of one of the defendants offered in evidence by plaintiff showed no more than that plaintiff was to "try and have all notes and accounts adjusted in eighteen months." The duration of the contract was contingent and uncertain. It might have been performed by plaintiff in a week, a month or year. So it has been held that an appointment of an agent to do certain acts during a given period does not, of itself, amount to an agreement that he should be permitted to continue to act during that period. Mechem on Contracts, sec. 211. In any view which we have been able to take of the case, we are unable to find that the court below erred in sustaining the demurrer to the plaintiff's evidence.

It follows, therefore, that the judgment will be affirmed. All concur.