SHEPARD, Appellant, v. McNAIL, Respondent.

St. Louis Court of Appeals, January 22, 1907.

AGENCY: Revocation: Agency Coupled with an Interest.   Where
one delivered to his agent his books of account with authority
to collect the accounts and apply the collections in the pay-
ment of a debt which he owes the agent, the agency thus
being coupled with an interest was not revocable and did
not cease on the death of the first; the administrator of the
first could not therefore recover in an action for the amount
collected in the absence of any showing of the amount of the
debt which the deceased owed the agent.

Appeal from Pemiscot Circuit Court.—*Hon. Henry C.
Riley,* Judge.

AFFIRMED.

C. G. Shepard pro se.

The court erred in holding as a matter of law the
agency of the defendant McNail was an agency coupled
with an interest, and not revoked by the death of Wat-
son, the principal.    Burke v. Priest & Burke, 50 Mo.
App. 310; Richardson v. Dreyfus, 64 Mo. App. 600;
State ex rel. v. Walker, 88 Mo. 284; Biebers's Adm. v.
Boeckman, 70 Mo. App. 503; Morgan v. Gibson, 42
Mo. App. 242; Keyl v. Westerhaus, 42 Mo. App. 57;
Lockhart v. Forsythe, 49 Mo. App. 659; Royal Remedy
Co. v. Gregory Gro. Co., 90 Mo. App. 53; Green v.
Cole, 103 Mo. 70; Rosewell v. Harmon, 15 S. W. 432.

*Farris & Oliver* for respondent.

BLAND, P. J.—The action is to recover $161.50,
alleged to have been collected by respondent as appel-
lant's agent.    The case is here on a full transcript.    On
January 21, 1906, respondent filed a motion to dismiss
the appeal on the ground that there is nothing in the

record showing, or tending to show, respondent owes appellant anything. Even if the motion assigned a proper ground for dismissing the appeal, which it does not, the ground assigned is contradicted by respondent's own evidence. It appears from the record that A. L. Watson, a year or two before his death, had a store at Cooter, in Pemiscot county, Missouri, at which he employed respondent as a clerk or helper. About eight months prior to his death, Watson moved his store to Holland, in the same county. After moving to Holland, Watson appointed respondent his agent at Cooter to collect store accounts due him from former customers at that place, and for that purpose delivered his account books to respondent. In January, 1904, Watson died intestate and appellant was duly appointed administrator of his estate. A short time after appellant's appointment, respondent wrote him that Watson had placed his accounts in his hands for collection, and requested appellant to give him authority to continue the collections. Appellant gave respondent this authority and he swore at the trial that after receiving authority from appellant he collected $161.50 of the accounts. Respondent introduced evidence tending to show that Watson was indebted to him for salary earned at the Cooter store, and placed the accounts in his hands with authority to collect the same and take said amount out of the collections. There is no evidence showing or tending to show the sum Watson was indebted to respondent.

The issues were submitted to the court without the aid of a jury. No declarations of law were asked or given. The court found the issues for respondent and rendered judgment accordingly.

As respondent testified he collected $161.50 of the accounts, after Watson's death and after he had been given authority to make the collections by appellant, there is no theory of law upon which the judgment of the trial court can be sustained other than that re-

spondent had an interest in the accounts, under the terms of his appointment as agent by Watson; for if he had no interest in the accounts themselves, his agency ceased on the death of Watson, and the collections made thereafter were made by him as the agent of appellant, for which he is bound to account. On the other hand, if the agency created by Watson was coupled with an interest in the accounts, the death of Watson did not revoke the agency. [Lockhart v. Forsythe, 49 Mo. App. 654; Morgan v. Gibson, 42 Mo. App. 1. c. 242.]

In Marziou v. Pioche, 8 Cal. 522, it is said: "Where a principal expressly gives a power to collect debts for the purpose of providing the means to return advances made by the agent, there would seem to be no doubt of the irrevocable character of the power."

Mechem says: "But it (the authority) must be an interest or estate in the thing itself or in the property which is the subject of the power." [Mechem on Agency, sec. 205.] As instances where the power is irrevocable, he mentions in the succeeding sections, "Where the agent has authority to collect a debt and out of the proceeds reimburse himself for advances made by him to the principal; where the authority is given to the agent to sell real or personal property and apply the proceeds in payment of the debt due him from the principal," etc.

In State ex rel. Walker v. Walker, 88 Mo. 279, plaintiff was appointed, by an act of the General Assembly, agent to collect certain claims due the State, and was to receive a certain per cent of the amount collected for his services. It was held, under this contract of agency, he had no such interest in the claims as to make his agency irrevocable. This case was followed in Burke v. Priest & Burke, 50 Mo. App. 310, where the agency was to collect accounts on a commission. These cases follow the well-settled rule, that a

mere interest in the result or proceeds arising from an execution of authority, as by way of compensation, is not enough to make the power irrevocable. The agent must have an interest in the subject-matter of the agency to make the authority irrevocable. [Green v. Cole, 103 Mo. 70, 15 S. W. 317.] The delivery of the books of account by Watson to respondent, with authority to collect the accounts and apply his collections in the payment of what Watson owed him, was *pro tanto* an equitable assignment of the accounts to respondent, and gave him such an interest in the accounts themselves as to make his authority irrevocable until his collections were sufficient to discharge Watson's indebtedness to him. Neither the amount of the debt Watson owed respondent, nor the amount the latter had collected prior to Watson's death, is shown in the record. On this state of the evidence, we think the finding of the learned circuit judge was correct and affirm the judgment. All concur.