## J. D. BURWELL, Appellant, v. S. C. LANTZ, Respondent.

In the Kansas City Court of Appeals, May 1, 1922.

1. **PRINCIPAL AND AGENT: Brokers: Power Coupled with an Interest: Where There was no Consideration for an Agreement to Give Thirty Days' Notice in Writing of Revocation of Agency to Sell Land it was not Binding on Principal.** Where there was no consideration for an agreement to give thirty days' notice in writing of revocation of an agency to sell land, the agreement was not binding on the principal because the agent's authority to sell the land on a commission basis was not a power coupled with an interest, and the authority given for the time specified was not supported by a consideration independent of the compensation to be paid for the service to be performed.

2. ———: ———: ———: **Authority to Sell Land not a Power Coupled with an Interest and Principal Had Right to Revoke the Same at Any Time and For Any Reason.** Where the agent's authority to sell land on a commission is not a power coupled with an interest, the principal has power to revoke the same at any time and for any reason because the authority is conferred by the principal and is to be executed for his benefit and the agent cannot insist upon acting when the principal has withdrawn his confidence and no longer desires his aid.

3. ———: ———: **Notice: What is Meant by Reasonable Notice of Revocation of Agency is Notice Before Negotiations Have Commenced by Broker with the Purchaser for Sale.** Where it was insisted that an agency could not be revoked except upon reasonable notice, and as parties had contracted that thirty days' notice in writing should be given of termination of contract, that they thereby agreed as to what should be reasonable notice, *held*, that what is meant by reasonable notice is notice before negotiations have

commenced by the broker with the purchaser for the sale of the property.

4. ———: ———: Where Petition not Based on Cause of Action for Damages for Wrongful Revocation of Agent's Authority, but seeks Damages upon Contract For Its Performance, Agent Cannot Recover as for Wrongful Revocation. Where the case was tried on the theory that plaintiff performed his part of agreement and that defendant had no power to revoke the agency, plaintiff cannot recover damages as for a wrongful revocation of agency.

Appeal from the Circuit Court of Linn County.—*Hon. Fred. Lamb,* Judge.

AFFIRMED.

*E. B. Fields* for appellant.

*H. J. West* for respondent.

BLAND, J.—This is an action to recover a real estate broker's commission for the selling of defendant's farm situated in Linn county, Missouri. There was a verdict and judgment for defendant and plaintiff has appealed.

The petition alleges that plaintiff and defendant entered into a written contract in which defendant agreed that if plaintiff would find a purchaser for defendant's farm, who was ready, willing and able to buy the farm on terms which might be agreed upon between the purchaser and defendant, or that if plaintiff was in any way or manner instrumental in selling the farm of the defendant, that defendant would pay plaintiff a commission of $2 per acre for his services "in bringing about such sale." The petition then pleads that plaintiff was instrumental in bringing about the sale of the farm to John M. West and that said West "largely through the instrumentality of this plaintiff bought said farm;" that plaintiff demanded of defendant his commission of $800 which defendant refused to pay.

The contract had between the parties provides that the defendant has—

" . . . this day given J. D. Burwell the exclusive sale or transfer of the following described real estate, . . . .

"I hereby appoint and constitute said J. D. Burwell as my lawful agent and authorize him to enter into a written contract for me, on my behalf, and in my name, for the sale of said real estate, . . . . In consideration of his services in making such sale, transfer or being instrumental in any manner, whatever, in selling or transferring said property or in sending me a buyer ready and willing to buy under the terms agreed to between us, I agree to pay said J. D. Burwell out of the first money collected $2 per acre commission on the whole amount, . . . .

"Should I wish to withdrawn the above described property from market or advance the price, I agree to give said agent written notice thirty days prior to such withdrawal or advance, I agree to pay said agent $—— for advertising, should I withdraw said property from sale."

There was evidence on the part of defendant tending to show that plaintiff had nothing to do with the sale of the farm; that defendant's father procured the sale and that plaintiff did nothing other than to get into the automobile and to go along without invitation on the part of anybody. There was likewise evidence on the part of defendant that before the sale was made and before West, the purchaser, was talked to about the farm, defendant orally notified plaintiff to take the farm off of his list, that he had concluded not to sell it. There was testimony on the part of plaintiff that he was instrumental in bringing about the sale of the property to West.

Plaintiff complains of the giving of defendant's instruction No. 1 and the refusal of plaintiff's instruction No. 5. Defendant's instruction No. 1 told the jury that defendant, at any time before plaintiff had commenced negotiations for the sale of the land in question, had the power to revoke plaintiff's agency and if West "looked at the farm and before plaintiff had ever talked to or

negotiated with him with reference to said farm, defendant had notified plaintiff to take said farm off his list, then such notice was a sufficient revocation of the agency.''

Plaintiff's instruction No. 5 is as follows:

''The court instructs the jury that before the defendant could terminate the agency of plaintiff under the contract read in evidence, he would have to give thirty days notice in writing of his intention so to do, unless the plaintiff expressly assented to its verbal termination and it devolves upon the defendant to show by a preponderance of the testimony that plaintiff did so assent.''

We think there is no question but that the court committed no error in the giving and refusing of these instructions. There is a distinction between the *power* to revoke an agency and the *right* to revoke it. The general rule is that the principal has the power to revoke the authority of his agent at any time and for any reason. This is because the authority is conferred by the principal and is to be executed for his benefit and the agent cannot insist upon acting when the principal has withdrawn his confidence and no longer desires his aid. [State ex rel. Walker v. Walker, 88 Mo. 279, 284. There are, however, exceptions to this rule; one is where the power is coupled with an interest and the other where the authority is given for a specified time for a valuable consideration. [State ex rel. Walker v. Walker, supra, l. c. 284; Burke v. Priest & Burke, 50 Mo. App. 310; 31 Cyc. 1300, 1301; 4 R. C. L. 254; Walker v. Denison, 86 Ill. 142.]

The agent's authority to sell the property on a commission is not a power coupled with an interest [Glover v. Henderson, 120 Mo. 367; Green v. Cole, 103 Mo. 70; Burke v. Priest & Burke, supra; 4 R. C. L. 252.] There was no consideration given for the agreement not to revoke the agency except upon less than thirty days written notice. ''In order to make an agreement for irrevocability contained in a power to transact business for the benefit of the principal binding on him, there must be

a consideration for it independent of the compensation to be rendered for the service to be performed.'' [Mc-Mahan v. Burns, 216 Penn. State, 448, 451; Kolb v. Bennett Land Co., 74 Miss. 567; Chambers v. Seay, 73 Ala. 372.] We think that the case of Staroske v. Publishing Co., 235 Mo. 67, cited by the plaintiff, recognizes the rule that there must be a consideration to support the provision of the contract fixing the time within which the agency cannot be revoked by the principal.

It is insisted that such an agency as this cannot be revoked except upon reasonable notice and as the parties contracted that thirty days' notice in writing should be given by defendant to plaintiff of the former's intention to terminate the contract, that the parties agreed as to what should be a reasonable notice of the termination, and that was thirty days. We are unable to assent to this contention. If this argument were sound a provision in a contract of a year's notice, or any other length of time, of an election to terminate would have to be held to provide a reasonable notice. However, what is meant by reasonable notice is notice before negotiations have commenced by the broker with the purchaser for the sale of the property. [Sallee v. McMurry, 113 Mo. App. 253; Gaty v. Sack, 19 Mo. App. 470.]

The petition in this case is not based upon a cause of action for damages for a wrongful revocation of the agent's authority but seeks to recover the amount payable under the terms of the contract for its performance by the agent. The case was tried and submitted to the jury upon the theory that plaintiff performed his part of the agreement and that defendant had no power to revoke the agency. It would seem then, that the question as to whether the defendant wrongfully revoked the agency is not in the case. [Glover v. Henderson, supra, 1. c. 377, 378.] However, we do not think there was any wrongful revocation of the agency. As we have already stated, there was no consideration given for the provision of the contract that defendant should give plaintiff thirty days notice of his intention to revoke

the agency.   In view of this fact defendant had the right, at any time before the performance of the contract on the part of plaintiff, to revoke the agency, at his own pleasure and for any reason that was satisfactory to him.   There is no evidence that the agent suffered any damages in the way of expenses incurred in carrying out the contract.   [McMahan v. Burns, supra, l. c. 451.]

The judgment is affirmed.   All concur.