DAN G. PEPPER, APPELLANT, v. WEST PLAINS TELEPHONE COMPANY, A CORPORATION AND J. W. BOYER, RESPONDENTS.

In the Springfield Court of Appeals. January 15, 1931.

*Homer Rinehart* and *H. D. Green* for appellant.

*V. O. Coltrane* and *M. E. Morrow* for respondents.

SMITH, J.—This cause reached the circuit court of Greene county upon a change of venue from the circuit court of Howell county, and the controversy is over the trial court's action in sustaining a demurrer to the third amended petition of plaintiff; the petition, and the first and second amended petitions having been adjudged insufficient on demurrers.

The third amended petition, caption and signatures omitted is as follows:

"Plaintiff for his amended petition first having leave of the court to file, states that the defendant, the West Plains Telephone Company, is and was at all times hereinafter mentioned a corporation duly organized and existing under the laws of the State of Missouri and having the capacity to sue and liable to be sued as such; and owning and operating a telephone utility in the town of West Plains, Howell county, Missouri. That J. W. Boyer is and was at all times hereinafter mentioned, president and treasurer and manager of said company, and duly authorized by said company to conduct the business in general for and in behalf of said company.

"Plaintiff for his cause of action states that on the 31st day of May, 1928, that the defendant, the West Plains Telephone Company, by and through its authorized agent, J. W. Boyer, then the duly acting and qualified president, treasurer and manager of said corporation and the said J. W. Boyer as such president, treasurer, and manager, having in his possession and control all the stock of said corporation, and the said J. W. Boyer then and there having the full power of attorney to act for and in behalf of said corporation, in all matters concerning the corporation's affairs from his brother, L. F. Boyer and his sister, Bessie D. Hereford, they being all stockholders of said corporation. And the said J. W. Boyer as a stockholder and director and officer of said company having control and possession of all the stock of said company and full power of attorney to act for said company for all the stockholders of said company in all matters concerning said corporation with such power and authority did execute for and in behalf of said telephone company an agreement in writing whereby it was agreed that said defendant, the

West Plains Telephone Company, would sell all of its right, title and interest in and to said property of said telephone company for the sum of $125,000. That plaintiff had the right and option to accept said property for that said price and sum on or before January 1, 1930. A copy of said agreement is herewith filed and marked ''Exhibit A.''

''Plaintiff further states that on the 31st day of May, 1928, and at the same time the aforesaid agreement was made, that defendant the West Plains Telephone Company, a corporation, through its duly authorized agent, president, treasurer and manager of said company, the said J. W. Boyer who then and there had control and possession of all the stock of said company and full power of attorney to act for and in behalf of said directors of said company and all the stockholders of said company and with such full power and authority to act for all the stockholders and directors of said company, the defendant, the West Plains Telephone Company further agreed in writing by its duly authorized agent, J. W. Boyer, that the plaintiff had the right to act as agent for the defendant, the West Plains Telephone Company, for the sale of said property of said telephone company during the duration of the option contract and if plaintiff did act as agent for said telephone company rather than purchase the same, then the said plaintiff was to receive the commission of five per cent of the selling price of said property. Copy of this supplemental agreement is herewith filed and marked 'Exhibit B.'

''Plaintiff states that after the execution of said contracts hereinbefore mentioned, that he, relying on said contracts and agreements, of defendants, began to seek a purchaser for said telephone company, who was ready, willing and able to buy all the property rights of said telephone company. And plaintiff states that in this connection he had circulars printed containing data, facts and figures as to the property aforesaid, its earning power and other figures and facts that might have been of interest to prospective purchasers; that he carried on correspondence with different persons and corporations all over the country, that he felt might be interested in the purchase of said company; that he made trips to various sections of the country to confer with and to see prospects that had or might become interested in the purchase of said property of defendants; that he made trips to confer with defendants who encouraged him in his efforts and for some length of time recognized plaintiff as their agent under said agreements aforesaid, even sending to plaintiff prospective buyers who came directly to the defendants; and plaintiff states that in carrying out his part of the contracts he expended the sum of $——— in the way of actual expense of traveling and other expenses, that he devoted a large portion of his time and labor

to the due performance of his part of the contract and spent large sums of money in advertisement and corresponding with prospective buyers.

"But the plaintiff states that on the —— day of ————, 1929, after negotiations with one A. J. Roberts, general manager of the Mid-West Telephone Company of Kansas City, Missouri for the sale of the property to him and his associates at last induced the said A. J. Roberts of the date aforesaid to make a trip to West Plains, Missouri, from Kansas City, Missouri, to investigate the said property with the view of negotiation for its property. And plaintiff states that upon arrival of said A. J. Roberts at West Plains, the defendant informed Roberts that said property had been sold under option to some other company and defendants refused to recognize the plaintiff as their agent from and after said date and would not allow him to further proceed with his part of contract; and plaintiff states that he was informed by the defendants that they no longer recognized him as their agent for the sale of said property, and would not recognize said contracts further and defendants repudiated and revoked said contracts and agreements.

"Plaintiff further states that in the performance of services mentioned as aforesaid he paid out the sum of $3500 for advertising, traveling and other expenses mentioned as aforesaid in attempting to procure a purchaser for said property, who was ready, able and willing to buy in accordance with the terms mentioned in agreement and under plaintiff's option in which he elected to sell the property instead of buying for himself; and plaintiff states that all through such transaction all the directors and stockholders in the West Plains Telephone Company a corporation, had knowledge of the making of said contract and had given the said J. W. Boyer as president of the company full power to act for them as such directors and stockholders in making the contracts as aforesaid and that they accepted his services up to the date mentioned aforesaid but said money and no part thereof has been refunded to plaintiff by defendants and plaintiff states said services rendered by him to defendants in the manner and form heretofore alleged was of the reasonable value of $2000 and that no part of said sum has been paid to the plaintiff.

"Wherefore plaintiff prays judgment against the defendants in the sum of $5500 and for the costs laid out and expended in this behalf."

Exhibit A attached to said petition is as follows:

"KNOW ALL MEN BY THESE PRESENTS, that the West Plains Telephone Co., Inc., J. W. Boyer, Treas., and Mgr., West Plains, Missouri, in consideration of one dollar ($1) paid by Dan G. Pepper of 7327 Elm avenue, Maplewood, Mo., the receipt of which is hereby acknowledged, for this company, myself, my heirs,

executors and administrators, agree to sell and convey to said Dan G. Pepper or his assign for the consideration hereinafter mentioned, the following described property:

"Our telephone property in the city of West Plains, Missouri, and in Howell county, Missouri. Its right, franchise and contracts, records, tools, poles, cables, switchboards and all other property now or may hereafter be owned by the company in said city, town or county.

"The consideration to be paid by the said Dan G. Pepper or his assign shall be the sum of one hundred twenty-five thousand dollars ($125,000).

"This option may be accepted by Dan G. Pepper or his assign on or before January 1, 1930.

"Conveyance shall be made within thirty days after said acceptance by written instrument conveying the said property clear and free from all liens and encumbrances and claims of every nature.

"All notices, tenders deliveries hereunder shall be served and made at West Plains, Missouri.

"In the event that this option is not accepted the one dollar ($1) consideration thereof shall be forfeited to the undersigned.

"Witness whereof the undersigned has hereunto set his hand, this 31st day of May, 1928.

"(Signed)  WEST PLAINS TELEPHONE CO., INC.,
"J. W. BOYER, President."

Exhibit B attached to said petition is as follows:

"KNOW ALL MEN BY THESE PRESENTS, that the West Plains Telephone Co., J. W. Boyer, president, treasurer, manager, West Plains, Missouri, agrees that if during the term of the option agreement entered with Dan G. Pepper under date of May 31, 1928, he shall act as agent for the undersigned for the sale of said property rather than purchase same himself (at his option) or have his assigns purchase the same, then the said Dan G. Pepper shall be given a commission of five per cent of the selling price of said property which the undersigned agrees to, or shall agree to sell to said Dan G. Pepper or his assigns.

"In witness whereof the undersigned has hereunto set his hand this 31st day of May, 1928.

"(Signed)  WEST PLAINS TELEPHONE CO., INC.,
"J. W. BOYER, President."

Each of these exhibits were acknowledged by J. W. Boyer before a notary public on the 31st day of May, 1928.

On the 7th day of July, 1930, the defendants separately filed their demurrers to said third amended petition, which demurrers are as follows (caption and signatures omitted).

1060

"Now comes J. W. Boyer, one of the defendants in the above entitled cause, and separately demurs to the plaintiff's third amended petition herein for the following reasons, to-wit:

"1. Because said petition fails to state facts sufficient to constitute any cause of action against this defendant.

"2. Because the petition shows upon its face, as does also the claimed contract sued on, that plaintiff and defendant did not make any contract in which either of them attempted to individually bind this defendant to do anything.

"3. Because the petition and claimed contract sued on, each show that this defendant only signed said claimed contract in a representative capacity, and not in any individual capacity and that both plaintiff and defendant so understood and accepted same.

"4. Because the petition shows upon its face that the plaintiff never at any time furnished a buyer for said telephone exchange who was able, ready and willing to buy same at the price and on the terms demanded by its owner.

"Wherefore, this defendant prays judgment on this his amended demurrer."

"Now comes the West Plains Telephone Company, a corporation one of the defendants in the above entitled cause, and separately demurs to the plaintiff's third amended petition, for the following reasons, to-wit:

"1. Because said petition does not state facts sufficient to constitute any cause of action against this defendant.

"2. Because the petition does not allege any meeting of the board of directors of the defendant corporation authorizing the making of any contract with plaintiff to sell their entire property; nor does said petition allege any meeting of the stockholders of said corporation authorizing any ratification of such action on the part of its board of directors.

"3. Because the petition alleges no fact that would deprive the owner of said telephone exchange of the right to sell same itself at any time, without liability to plaintiff; such an exclusive agency for a valuable consideration or any agency coupled with an interest in said property.

"4. Because the said petition shows upon its face that plaintiff never at any time furnished a buyer for said property who was able, willing and ready to buy the same at the price and on the terms demanded by the owner.

"Therefore, this defendant prays judgment on its demurrer."

Upon such demurrers the court entered the following judgment:

"Now on this the 12th day of July, A. D., 1930, of this court, the above entitled cause coming on to be heard upon the plaintiff's amended petition and the separate demurrers of the defendant all

parties appear by their legal counsel and ready to take up and present the issues joined between the parties by reason of said demurrers, after seeing and hearing the plaintiff's last amended petition herein, and each of the defendant's separate demurrers thereto, the arguments of respective counsel thereon and being fully advised as to all matters at issue between the plaintiff and the defendants by reason of said demurrers and the court doth find that each of said demurrers should be sustained. Wherefore, it is considered, ordered and adjudged by the court that said demurrers are hereby sustained, and that the plaintiff take nothing by reason of his petition and writ herein, and that the defendants and each of them go thereof without delay; and it appearing to the court from the record of this cause, that said above mentioned amended petition is the third amended petition of the plaintiff herein that has been found insufficient on hearing of defendant's demurrers thereto, it is further ordered and adjudged by the court, under mandate of section 1252, Revised Statutes 1919, that plaintiff should be, and he is hereby taxed treble costs, and that he shall not file any further petition herein.''

''Wherefore, it is ordered and adjudged by the court that plaintiff's cause be dismissed because of the insufficiency of his petition, and that plaintiff is adjudged to pay treble costs herein laid out and expended by defendants, and that executions issue therefor, said costs being taxed singly at —————— dollars and cents, being trebled amount to —————— dollars and —————— cents.''.

Thereafter the plaintiff filed his motion for new trial which is as follows:

''Now comes plaintiff in the above entitled cause and moves the court to grant a new trial in this matter for the following reasons:

''1. Because the court erred in holding that the third amended petition failed to state facts sufficient to constitute a cause of action against the defendants.

''2. Because the court erred in holding that said petition was not sufficient in both form and substance.

''3. Because the court erred in sustaining demurrer to said petition as filed by the defendants.''

This motion was overruled and an appeal granted to this court.

We think the petition clearly shows that the defendant, J. W. Boyer, was attempting to act in a representative capacity and not individually. The plaintiff's brief is all directed to the action of the trial court in sustaining the demurrer of the West Plains Telephone Company, and we think he does not seriously contend that error was committed in sustaining the demurrer as to Boyer individually, and it is our opinion the court acted properly in sustaining the demurrer as to him. [International Shoe Co. v. Barnes, 3 S. W. (2d) 1039.]

Under provisions of section 1252, Revised Statutes 1919, there is no discretion left to the trial court, and under conditions like this the trial court could not do otherwise than render judgment in favor of J. W. Boyer, and tax treble costs against the plaintiff, as to him. [Johnson v. Railway, 227 Mo. 431, 127 S. W. 63.]:

The petition does not allege that the plaintiff was ready, willing and able to buy under his option to buy; therefore under no circumstances was the defendant, West Plains Telephone Company liable for any damages under that part of the petition.

Under the agency contract to sell for commission, even if we should assume that the president and manager had a right to sign the contract for the corporation without a meeting of the board of directors, does the petition state a cause of action under that theory of the case? Does the petition show that the plaintiff had the exclusive right to act, and such a right that could not be terminated by the defendants? Does the petition allege or show that the defendant would be liable for damages if the sale was not made or if the agency should be terminated? Does the petition allege that the plaintiff had found a person who was ready, willing and able to buy at the price named and that the defendant refused to sell to such a person.

We think an answer to these three questions determines the issue here. The petition fails to show that the plaintiff had the exclusive right to act as agent for the defendant, and does not show that his right if any, was one coupled with an interest, and that his right to act as agent for the defendant was such a one that could not be terminated at any time by the defendant. Nor is there any allegation that the defendant had any knowledge of expenditures on the part of the plaintiff. In discussing similar questions the Kansas City Court of Appeals in the case of Burwell v. Lantz, 210 Mo. App. 51, 240 S. W. 471, uses this language: "The general rule is that the principal has the power to revoke the authority of his agent at any time and for any reason. This is because the authority is conferred by the principal and is to be executed for his benefit and the agent cannot insist upon acting when the principal has withdrawn his confidence and no longer desires his aid. [State ex rel. Walker v. Walker, 88 Mo. 279, 284.] There are, however exceptions to this rule; one is where the power is coupled with an interest and the other where the authority is given for a specified time for a valuable consideration. [State ex rel. Walker v. Walker, supra, 1. c. 284; Burke v. Priest & Burke, 50 Mo. App. 301; 31 Cyc. 1300; 4 R. C. L. 254; Walker v. Denison, 86 Ill. 142.]

"The agent's authority to sell the property on a commission is not a power coupled with an interest. [Glover v. Henderson, 120 Mo. 367; Green v. Cole, 103 Mo. 70; Burke v. Priest & Burke, supra; 4 R. C. L. 252.] There was no consideration given for the

agreement not to revoke the agency except upon less than thirty days written notice. 'In order to make an agreement for irrevocability contained in a power to transact business for the benefit of the principal binding on him, there must be a consideration for it independent of the compensation to be rendered for the services to be performed.' [McMahan v. Burns, 216 Penn. State, 448, 451; Kolk v. Bennett Land Co., 74 Miss. 567; Chambers v. Seay, 73 Ala. 72.] We think that the case of Staroske v. Publishing Co., 235 Mo. 67, cited by the plaintiff recognizes the rule that there must be consideration to support the provision of the contract fixing the time within which the agency cannot be revoked by the principal.''

There is no allegation in the petition of consideration passing from plaintiff to the defendant for the contract, and since there is no such allegation in the petition nor in the purported contract of agency, there could be no valid claim for damages for terminating such an agency contract at any time.

The petition fails to allege that the plaintiff had found a person who was ready, able and willing to buy. He alleges that he was looking for such a person, and that he induced a man to go to West Plains to inspect the property, but was then told that the property had been sold. It was not enough to allege that he had expended money and time seeking a buyer for the property unless he also alleged that it was done at the instance and request of the defendant, and it was not enough to allege that he had induced a man to go to inspect the plant without also alleging that the man was ready, willing and able, to buy which was not done in this instance. It is not enough to allege that the plaintiff had expended time and money in seeking a buyer, but the petition must go farther; it must allege that it was under a valid contract binding on the defendant, based upon a valuable consideration and that the plaintiff acted thereunder to his hurt, and that but for the acts and faults of the defendant the contract under which he had been employed would have been consummated.

This petition is deficient in these respects, and we think the court did not err in sustaining the demurrer as to the corporation.

What we have heretofore said as to taxing treble costs in favor of J. W. Boyer is also true as to defendant West Plains Telephone Company.

The judgment is affirmed. *Cox, P. J.,* and *Bailey, J.,* concur.