[29] Appellants have asked a rehearing in the above case, and we have this day overruled their motion therefor. Our opinion filed May 19, 1949, was based largely upon what the St. Louis Court of Appeals said in the cases cited in such opinion, and in other cases.
[30] We also think that the Supreme Court of Missouri in Glover v. Henderson, 120 Mo. 367, 25 S.W. 175, 41 Am.St.Rep. 695, aquantum meruit case, fortifies the position of the St. Louis Court of Appeals, as announced in those cases.
[31] We also think this conclusion is fortified by what the Supreme Court of Tennessee *Page 18 
said in the case of Lazarov et al. v. Nunnally, 217 S.W.2d 11, not reported in the State Reports.
[32] While we think that appellants had the power to terminate their contract with respondents, before the time specified in such contract had expired, appellants are still liable to respondents for the actual damages respondents have sustained for whatever they have done under such contract of sale before its termination by appellants.
[33] Whenever the contract also specifies what the actual damages are, respondents can enforce such contract for the actual damages so specified, even where respondents have no interest in the property itself.
[34] In the case of Burwell v. Lantz, 210 Mo. App. 51,240 S.W. 471, the Kansas City Court of Appeals has held that the owner of property was under no liability to the agent, even for actual damages, unless such agent had an interest in the property itself, other than his interest in the commission for such sale.
[35] While we have overruled appellants' motion for rehearing in this Court, we are of the opinion that this case should be transferred to the Supreme Court of Missouri, on account of such conflict of opinion of this Court and the St. Louis Court of Appeals with the above-cited case of the Kansas City Court of Appeals, and accordingly sustain appellants' motion for such transfer.
[36] McDOWELL, J., concurs.
[37] VANDEVENTER, P. J., concurs in separate opinion filed.